UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL SURLES,

        Plaintiff,

                                    Case No. 12-cv-12403

v.

                                    Paul D. Borman
                                    United States District Judge

GAYLE LEACH, RAYMOND
BOOKER, and MARVA MYLES                Mona K. Majzoub
                                    United States Magistrate Judge

                  Defendants.

_____/

**OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (2) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Dkt. No. 13 & 34); (3) DENYING AS MOOT PLAINTIFF'S MOTION TO STAY (Dkt. No. 15), PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. No. 18) AND DEFENDANT'S MOTION TO STAY DISCOVERY (Dkt. No. 16)**

Before the Court are plaintiff Samuel Surles' ("Plaintiff") Objections to Magistrate Judge Mona K. Majzoub's November, 28, 2012 Report and Recommendation in favor of granting Defendants, Librarian Gayle Leach, Warden Raymond Booker, and Grievance Coordinator Marva Myles' ("Defendants") Motion to Dismiss. (Dkt. Nos. 36). The Defendants did not respond to Plaintiff's objections.

For the reasons stated below, the Court will DENY Plaintiff's Objections, ADOPT Magistrate Judge Mona K. Majzoub's Report and Recommendation, GRANT Defendants' Motions to Dismiss and DENY AS MOOT Plaintiff's Motion to Stay, Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion to Stay Discovery.

1

# I. BACKGROUND

The pertinent background facts of this matter are set forth in detail in the Magistrate Judge's Report and Recommendation and the Court adopts them here.  (Dkt. No. 16, 2-5.)  In summary, Plaintiff, who is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, but was an inmate at the Ryan Correctional Facility in Detroit, Michigan at the time relevant to this action, brings this 42 U.S.C. § 1983 action against the three prison officials; Librarian Gayle Leach, Warden Raymond Booker, and Grievance Coordinator Marva Myles, in their individual capacities for various Constitutional violations and torts.  Plaintiff also requests a multitude of declaratory judgments and several injunctions against Defendants.

In short, Plaintiff complains that in May 2011, he and another inmate, Davis Totten, drafted a complaint alleging § 1983 violations based on their right to practice the Muslim faith ("May Complaint").  To this end, on May 22, 2011, Plaintiff attempted to photocopy certain exhibits of religious material to attach to the May Complaint.  Defendant Leach refused to copy these exhibits without first being allowed to read the May Complaint.  Plaintiff was then questioned about the incident by Defendant Myles who then told Deputy Warden Scott Nobles about the May Complaint.  Plaintiff and another inmate were then questioned by Deputy Warden Nobles regarding the existence of the lawsuit, which they both denied.  Plaintiff was transferred to the Mound Correctional Facility seven days after his conversation with Deputy Warden Nobles, on May 31, 2011.

Davis Totten mailed in the May Complaint shortly after Plaintiff was transferred.  *See Totten v. Caldwell*, No. 11-12485 (E.D. Mich. 2011).  Plaintiff was deemed not a party to the suit because he did not sign the May Complaint.  Plaintiff attempted to join the Totten case through correspondence with the court but was unsuccessful.  One count survived a motion for summary

2

judgment but was later dismissed for lack of prosecution on behalf of Davis Totten.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.,* 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Fed. R. Civ. P. 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

The Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Dismissal is only appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face.  *Id.* at 570.  In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) the Supreme Court clarified the concept of "plausibility" stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)].  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 678.  A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555-556).  Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562).

### III. ANALYSIS

Plaintiff has set forth twenty (20) objections to the Magistrate's Report and Recommendation.  Each objection will be addressed in turn and generally in a chronological order, but for ease of discussion some objections have been addressed en masse.

A.    <u>Objections to Factual Recitation (Objections 1 through 4)</u>

Plaintiff's objections numbered one through four are all objections based on the Magistrate Judge's recitation of the facts.

In Plaintiff's first and fourth objections, he argues that the Magistrate Judge failed to note certain facts in the factual recitation of the case which would have affected the outcome of 12(b)(6) analysis. These facts include: (1) that Defendant Leach's refusal to make copies of exhibits to a lawsuit was in retaliation against Plaintiff after learning that the lawsuit named Carron Caldwell, Tina Pope, Raymond Booker and Marva Myles; (2) that Plaintiff met with Defendant Marva Myles and they discussed the fact that Defendant Leach would not copy certain documents and also that "Defendant Myles could not give Plaintiff a fair review or interview to his grievance or be impartial because she also was a party in a lawsuit." (Dkt. 40 at 4). Further, Plaintiff believes that Defendant Myles apprised Deputy Warden Scott Nobles that Plaintiff and Mr. Totten were preparing a lawsuit; (3) that Defendant Booker failed to investigate Plaintiff's claims that he was a victim of discrimination and retaliation, and (4) Defendant Leach never copied any of the exhibits for Plaintiff on May 22, 2011.

The Court finds that these facts do not impact the 12(b)(6) analysis as these facts are either already noted in the Report and Recommendation or have no bearing on the analysis of Plaintiff's claims. To the extent that Plaintiff's newly alleged interaction with Defendant Myles was not included in the Report and Recommendation the Court has specifically added it the instant summary of facts (and addresses it *infra*). Further, the Court finds that Plaintiff has not and cannot connect any allegedly "over-looked" fact to any possible deficiency with the Magistrate Judge's findings. Therefore, the Court denies Plaintiff's objections one and four.

Plaintiff's second objection is merely a general objection to the Magistrate Judge's recommendation that his complaint be dismissed in its entirety.  As Plaintiff has failed to actually specify a flaw or point to an error, this objection is denied.  *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986).

Plaintiff's third objection is similarly denied as he disputes the Magistrate Judge's "claim that Plaintiff filed a 'Partial Summary Judgment'..." as he does not remember filing such a document. (Dkt. No. 40 at 6).  The Court notes that Plaintiff did file a Motion for Partial Summary Judgment on October 11, 2012. (Dkt. No. 18).  The Court denies this objection.

B.     Motion to Dismiss Standard (Objection 5)

Plaintiff next appears to object generally to the motion to dismiss standard set forth in the Report and Recommendation and the fact that the Magistrate Judge found some of his "factual allegations are no more than mere conclusory statements."  (Dkt. No. 40 at 6).  Plaintiff then goes on to state that Defendant Booker should have investigated the other Defendants and Deputy Warden Nobles "long before Plaintiff filed his May 23, 2011 grievance." (Dkt. No. 40 at 7).  The Court denies this objection to the extent that Plaintiff is merely disagreeing with the Magistrate Judge's assessment that some of his statements were "no more than mere conclusory statements." This objection fails to direct the Court to any error in the Report and Recommendation and merely sets forth another conclusory statement. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

C.     Objections to Injunctive and Declaratory relief (Objections 6 & 7)

Plaintiff's sixth and seventh objections are to the Magistrate Judge's recommendation that his requests for injunctive and declaratory relief be denied.  Plaintiff requested the following

injunctive relief in his Complaint: (1) an injunction requiring that Defendants in "all MDOC Correctional Facilities" allow Plaintiff and others to photocopy "Islamic material used for legal litigation;" (2) an injunction against any other transfers of Plaintiff by Defendants for retaliatory purposes or if Plaintiff is a member of the Warden's forum.  (Compl. at 11).  In finding that injunctive relief would be inappropriate, the Magistrate Judge noted that Plaintiff had failed to include the MDOC as a defendant in this action or indicate that any other staff at the MDOC had refused to photocopy Plaintiff's religious legal materials.  (Dkt. No. 36 at 6).

To the extent Plaintiff appears to make the brand new allegation that an unnamed librarian at the Mound facility denied him the opportunity to make copies of these same documents the day he transferred there on May 31, 2011, the Court finds this allegation insufficient to justify injunctive relief against all MDOC employees.  (Dkt. No. 40 at 7).  Further, the Court finds that injunctive relief against MDOC is improper where Plaintiff concedes that MDOC is not a defendant.  (Dkt. No. 40 at 7).  Also, as Plaintiff is no longer incarcerated at Ryan Correctional Facility *or* the Mound Facility the issue is moot.

Plaintiff also objects generally to the Magistrate Judge's finding denying his requests for declaratory judgments.  In his objection, Plaintiff restates his request that the Court issue a declaratory judgement against each Defendant for all of Plaintiff's claims.  As the Magistrate Judge accurately stated, "[a] declaratory judgment is appropriate when it will 'terminate a controversy' giving rise on undisputed or relatively undisputed facts."  FED. R. CIV. P. 57 (Advisory committee Notes, 1937 Adoption).  In the instant case, the facts are disputed and Plaintiff's general arguments to the contrary do not change this analysis.  Therefore, Plaintiff's requests for declaratory relief are denied.

D.      Objections to Claims against Defendant Booker (Objections 5 & 8)

Plaintiff objects to the Magistrate Judge's finding that his claims against Defendant Booker did not give rise to § 1983 liability.  Plaintiff previously alleged that Defendant Booker had violated his First, Eighth, Ninth and Fourteenth Amendment rights by failing to properly investigate Plaintiff's grievances and also his approval of Plaintiff's transfer violated his rights because he knew of the May 24, 2011 grievance Plaintiff filed against Defendant Myles and Defendant Leach.  (*See* Dkt. Nos. ¶¶ 1 12, 13, 15 & Dkt. No. 14 at 12).

Plaintiff now alleges that Defendant Booker "as warden is personal[l]y responsible in the process of all facility transfers."  (Dkt. No. 40 at 9).  Plaintiff also states that the fact that Defendant Booker had received other grievances and communications from Plaintiff from 2010 regarding Tina Pope and Caron Caldwell put him on notice regarding constitutional violations.[1]  (*Id*. at 8).  Further, Plaintiff argues that Defendant Booker was "grossly negligent in supervising subordinates who committed the wrongful acts" which violated his constitutional rights.  (*Id*.).  Therefore, Plaintiff argues that Booker is directly responsible for bad acts or in the alternative he is "indirectly involved" where he investigated certain grievances.

As accurately set forth in the Report and Recommendation, § 1983 liability cannot be based on the theory of respondeat superior or the "right to control employees." *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206-07 (6th Cir. 1998).  Most significantly in this context, a supervisor must have "either encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum a plaintiff must show that the official at least implicitly authorized, approved,

---

[1] The Court notes that Tina Pope and Caron Caldwell are not Defendants in the current action but were defendants in the *Totten* case.

or knowingly acquiesced in the unconstitutional conduct of the offending officer." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Plaintiff has still failed to allege anything more than Defendant Booker's role as a supervisor. Plaintiff specifically notes that Defendant Booker's fault lies in his failure to oversee his employees. A claim for § 1983 cannot be premised merely on respondeat superior and Plaintiff has failed to allege that Defendant Booker was personally involved in or "implicitly authorized or approved" any of the acts that deprived Plaintiff of his constitutional rights. Rather, Plaintiff alleges only that Defendant failed to correct the alleged violation when he denied his grievance. The Court agrees with the Magistrate Judge that Plaintiff failed to set forth a plausible claim pursuant to § 1983 against Defendant Booker and therefore his claims should be dismissed and his objection denied.[2]

E.    Plaintiff's Claims for Interference with Grievance Filings (Objection 9)

Plaintiff's ninth objection states that he "object[s] to the magistrate that his complaint does not state anywhere in it that any of the Defendants prohibited him from filing a grievance." (Dkt. No. 40 at 10). Plaintiff then goes on to restate the general allegations in his Complaint. Plaintiff also for the first time alleges that Defendant Myles denied a grievance filed by Plaintiff regarding the Library incident.[3] Plaintiff still fails to allege that a Defendant ever interfered with him filing

---

[2] Plaintiff alleges for the first time that "Defendant Marva Myles also cause[ed] a series of events to cause Plaintiff personal injury after the May 23, 2011 interview..." (Dkt. No. 40 at 10). Plaintiff has not made any allegations regarding personal injury in his Complaint or other briefing and the Court does not find the Objections to a Report and Recommendation an appropriate vehicle to make these new, vague and unsupported allegations and declines to discuss them.

[3] Plaintiff states that, "Plaintiff could not receive a fair review of his grievance against Gayle Leach by Myles who consider[s] Defendant Gayle Leach not just a co-worker but her

9

a grievance.

An "objection" that does nothing more than disagree with a Magistrate Judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard*, 932 F.2d at 509. Here, Plaintiff has merely recited the general allegations in his Complaint and failed to set forth an error in the Magistrate Judge's findings. Further, to the extent Plaintiff appears to say that Defendant Myles's denial of a grievance amounted to an interference with his rights, this claim also fails. As the Magistrate Judge accurately noted in regards to Defendant Booker, "where a defendant's only involvement in the alleged unconstitutional conduct is the denial of administrative grievances, the defendant cannot be held liable under § 1983." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (Dkt. No. 36 at 9). Defendant has only alleged that Defendant Myles denied a grievance, this is not enough to give rise to liability under § 1983. Therefore, Plaintiff's claim for interference with grievance filings is dismissed.

F.      Plaintiff's Access to the Courts Claim (Objection 10)

Plaintiff states in his tenth objection that he objects "to the magistrate['s] claim, that he have or had access to adequate, effective and meaningful law libraries or assistance from ind[i]viduals trained in [t]he law, pursuant to *Bounds v. Smith*, 430 U.S. 817 (1977)." Plaintiff then claims for the first time that Defendants "refused to provide Plaintiff legal assistance to file is 1983 civil rights claim." The Court notes that Plaintiff appears to be objecting to the Magistrate Judge's recitation of the legal standards regarding an access to the court claim. Specifically, the Magistrate Judge

---

friend. Myles never got back with Plaintiff....She just denied Plaintiff grievance against Defendant without any proof of talking with Mr. [] Totten or with Mr. Eric Talim." (Dkt. No. 40 at 11). The Court notes that neither grievance Plaintiff attached to his Complaint indicates that Defendant Myles was involved in its review or investigation.

noted, "[a] prisoner's access to the courts must be adequate, effective, and meaningful, which means that prison officials must provide prisoners with adequate law libraries or assistance from individuals trained in the law." *Bounds*, 430 U.S. at 822, 828.  (Dkt. No. 36 at 10).  Nowhere in the Report and Recommendation does the Magistrate Judge make any findings regarding Plaintiff's access to a law library or whether he was entitled to have assistance with this action or any other action.  Rather, the Magistrate Judge was explaining the legal basis and background for Plaintiff's access to the court claim based on his allegations that a librarian refused to copy exhibits to a legal action. Therefore, the Court denies Plaintiff's tenth objection.

1. Non-Frivolous Claims and Defendants' Acts (Objections 11 through 13)

Plaintiff's next three objections all address the issue of whether Plaintiff has a constitutional right to provide legal assistance to others and whether his transfer to the Mound Correctional Facility frustrated this right.[4]  Plaintiff argues that his right to provide legal assistance to Davis V. Totten or any other persons is not only protected by the Bill of Rights but also the "Declaration of Independence." (Dkt. No. 40 at 14).  Plaintiff further argues that the reason the *Totten* case was dismissed was due to his transfer to the Mound Correctional Facility "to prevent assistance to Tott[e]n."

---

[4] Plaintiff's eleventh objection states, "[t]he Magistrate overlooked the fact that Plaintiff is entitle[d] to First Amendment protection to his access to the courts, to file nonfrivolous grievances."  (Dkt. No. 40 at 12).  Plaintiff then goes on to argue that his access to court claim should also be predicated on the fact that "Plaintiff lost the ability to continue[] providing legal assistance to Mr. Davis T. Totten in preparing their lawsuit, and the transfer of May 31, 2011 to the Mound Correctional Facility was for no other reason than to impede and frustrate any attempt to complete their lawsuit." (Dkt. No. 40).  To the extent Plaintiff is arguing that the Magistrate Judge did not address this issue, this is without merit.  The issue of whether Plaintiff had a right to provide legal assistance to another inmate and whether his transfer on May 31, 2011 impeded this right is specifically addressed and reexamined above.  (*See* Dkt. No. 36 at 12).

Plaintiff's objections and his claims are rooted in the belief that there exists a constitutional right to provide legal assistance to other inmates. However, the Supreme Court has recognized that there is no free standing right to provide legal assistance to other inmates. *Shaw v. Murphy*, 532 U.S. 223, 331, n.3 (2001); *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Further, "prison inmates do not possess the right to a particular prisoner's help in preparing their legal materials, so long as prison officials make other assistance available." *Henry v. City of Eastpointe Police Dep't*, No. 11-10192, 2012 WL 3151566, at *2 (E.D. Mich. July, 13, 2012) (quoting *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990) (collecting authority). Moreover, as the Magistrate Judge correctly noted, Plaintiff does not have standing to set forth this claim on behalf of Davis Totten. Therefore, where there is no legal basis for Plaintiff's claim and he does not have standing to make it: the claim must be dismissed.

G.     Retaliation Claims (Objection 14 through 16)

Plaintiff claims that he was transferred to the Mound Correctional Facility and also removed from the Warden's Forum in retaliation for filing at least one grievance in May 2011 regarding the Library incident. Plaintiff objects to the Magistrate Judge's findings regarding his First Amendment retaliation claims, arguing that he did establish that both the transfer and the removal from the Warden's Forum constituted adverse actions.

To establish a retaliation claim under the First Amendment, Plaintiff must show: "1) he engaged in protected conduct, 2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct, and 3) the adverse action was taken at least in part because of the exercise of the protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 698 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 393 (6th Cir. 1999)). The

12

Defendants have not disputed that Plaintiff was engaged in protected conduct when he filed in May 2011 grievance.[5]

The Sixth Circuit has "repeatedly held that transfer from one prison to another prison 'cannot rise to the level of an 'adverse action' because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights." *Smith v. Yarrow*, 38 Fed. Appx 529, 543 (6th Cir. 2003). Where an inmate could suffer "foreseeable consequences" that could impact their access to the court, a transfer does rise to the level of an adverse action. *Siggers-El*, 412 F.3d at 701 (holding a transfer was an adverse action when an inmate lost his high paying job which paid for his attorney and also moved him further away from his attorney).

In the instant case, Plaintiff argues that his transfer to a different facility was an adverse action because it impacted his ability to give legal advice to Davis Totten and therefore limited his access to the court. As examined *supra*, there is no free standing conditionally protected right to providing legal assistance to another inmate and Plaintiff's access to the courts was not frustrated by the transfer.

Plaintiff also argues that his removal from the Warden's Forum was an adverse action because "removing Plaintiff from the Warden's Forum in retaliation against him for filing grievances, preparing lawsuits constitutes adverse action." Plaintiff's objection fails to state an error but rather just restates his claims in a conclusory manner. Further, as the Magistrate Judge

---

[5] Plaintiff's fourteenth objection argues that after finding he was engaged in protected activity the Magistrate Judge should not have then "turn[ed] around and denied adverse action by Defendants did not deter him and Mr. Davis V. Totten from exercising his or their unalienable First Amendment right to seek redress of grievance in the courts." (Dkt. No. 40 at 15). The Court finds this objection to be one so general it fails to point the Court to an error in the Report and Recommendation. Therefore, the Court will deny it.

accurately stated, "an MDOC inmate has no liberty or property interest in his position as an inmate representative on the warden's forum, removal of the inmate from that position does not constitute an adverse action for purposes of a retaliation claim." (Dkt. No. 36 at 16, citing *Davis v. Straub*, No. 07-156, 2009 WL 4908433, at *9 (W.D. Mich. Dec. 11, 2009)(internal citations omitted)).

H.     Plaintiff's Due Process Claims (Objection 17)

        Plaintiff objects to the Magistrate Judge's finding that his due process claims be dismissed. Although hard to follow, it appears that Plaintiff asserts that his substantive due process claim evidences official conduct that would "shock the conscience."  Plaintiff argues that "he has shown that he was deterred from writing a grievance and preparing his lawsuit, and assistance to others by Defendants; he was transferred in retaliation for filing grievances and preparing his lawsuit, etc. should me[e]t the standard of shocking the conscience." (Dkt. No. 40 at 18).  However, as the Court has already found, Plaintiff has failed to allege that he was deterred from filing a grievance (he filed at least two regarding this incident).  Also, the Court has also noted that Plaintiff does not have a free standing right to provide legal assistance to another inmate. Finally, as the Magistrate Judge accurately stated, a prison transfer "does not directly implicate the Due Process Clause of the Fourteenth Amendment."  *Olim v. Wakinekona*, 461 U.S. 238, 244 (1983) (citations omitted). Therefore, the Court finds that these actions do not "shock the conscience."

        Plaintiff also appears to argue his procedural due process claim should not have been dismissed because of Defendant Leach's "failure to follow policy PD-05.03.115 and PD-05.03.116." (Dkt. No. 40 at 19).  Plaintiff's argument does not obviate the fact that Plaintiff filed grievances regarding this incident, and these grievances were heard and denied.  As the Magistrate Judge noted, Michigan law allows judicial review of administrative decision in state courts and these remedies

14

have been found to be adequate under federal due-process-standards.  *See Copeland v. Machulis*, 57 F.3d 476, 480 (th Cir. 1995); *De Walt v. Warden, Marquette Prison*, 112 Mich. App. 313, 315 (1982); Mich. Comp. Laws § 791.251 *et seq*. Therefore, Plaintiff's objection is denied and his procedural and substantive due process claims are dismissed.[6]

I.   <u>Plaintiff's State Law Claims of Intentional Infliction of Emotional Distress (Objection 19)</u>

As accurately set forth in the Report and Recommendation, to establish the tort of intentional infliction of emotional distress, a plaintiff must show: "extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Graham v. Ford*, 237 Mich. App. 670, 674 (Mich. Ct. App. 1999).  Plaintiff objects to the Magistrate Judge's finding that he has not suffered "severe emotional distress."

The Michigan courts have made clear that "[l]iability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich. App. at 674 (citation omitted).  Plaintiff's objects to the Magistrate Judge's finding that he failed to state a plausible claim for relief, and failed to allege that Defendants acted within intent or recklessness or that his "great pain" rises to the level of severe emotional distress ..."  (Dkt. No. 40 at 23). Plaintiff then goes on to argue that  some courts  interpret the term "mental or emotional injury" to

---

[6] Plaintiff concedes that the Qualified Immunity issue should only be addressed after determining whether a plaintiff has stated a constitutional violation upon which relief can be granted.  Plaintiff then disagrees generally with the Magistrate Judge's finding that his claims should be dismissed and argues that Defendants are not entitled to qualified immunity.  The Court need not address his substantive arguments regarding qualified immunity because the Court agrees with the Report and Recommendation that Plaintiff's claims should be dismissed.

include stress, fear and depression, and other psychological impacts." (*Id*.). The Court finds Plaintiff's claim to still be lacking any of the necessary elements, especially an allegation that amounts to "severe emotional distress." Therefore, Plaintiff's nineteenth objection should be denied.

      2.    <u>Breach of Contract - Third Party Beneficiary (Objection 20)</u>

Plaintiff alleges in his Complaint that Defendants breached their employment contract when they failed to "perform their duties in a reasonable and diligent manner consistent with the laws and regulations and contractual obligations..." with the State of Michigan and Plaintiff was harmed as a third-party beneficiary. (Compl. 42). The Report and Recommendation noted that this cause of action is not recognized in Michigan and that Plaintiff fails to allege an underlying breach to the employment contract.

Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to allege "any underlying breach by Defendants on which his third-party claim could stand." (Dkt. No. 40 at 23). Plaintiff goes on to argue that Defendants breached their contract with the People of the State of Michigan by intentionally violating Plaintiff's constitutional rights and therefore, damages are appropriate.

The Court finds regardless of whether Plaintiff can allege a "breach" of Defendants' employment contract, the claim fails as a matter of law because such a claim is not recognized under Michigan law. In *In re Jackson Lockdown/MCO Cases*, 568 F. Supp. 869 (E.D. Mich. 1983), a group of state prison inmates brought actions against the prison officials, guards, wardens and unions after a lockdown and subsequent riot. The plaintiffs in that action attempted to advance the same claim Plaintiff does in the instant case, that the defendant prison guards owed them a "duty under state statute and their employment contracts to perform 'their duties in a reasonable and

16

diligent manner' and wilfully failed to exercise these duties." *Id*. at 888.  The court in *Jackson Lockdown*  noted that Michigan did not recognize this claim and that "the Court [cannot] create a new common law tort giving a state prisoner a claim for money damages for a prison guard's breach of his contract of employment with the state." *Id*. As such a tort does not exist, Plaintiff's claim must be dismissed.[7]

## IV. CONCLUSION

For all these reasons, the Court will:

1.      DENY Plaintiff's Objections (Dkt. No. 40);

2.      ADOPT the Magistrate Judge's Report and Recommendation (Dkt. No. 36);

2.      GRANT Defendants' Motions to Dismiss (Dkt. Nos. 13 & 34);

3.      DENY AS MOOT Plaintiff's Motion to Stay (Dkt. No. 15) and Plaintiff's Motion for Partial

Summary Judgment (Dkt. No. 18) and Defendants' Motion to Stay Discovery (Dkt. No. 16).

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2013

---

[7] Plaintiff also appears argue the entire Report and Recommendation should be denied because defense counsel never entered an appearance on behalf on Defendant Leach.  However, it is clear from the record (Dkt. No. 33) that Defendants Leach, Myles and Booker are all represented by the same defense counsel.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2013.

s/Deborah Tofil
Case Manager