UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL SURLES,

       Plaintiff,

                                        Case No. 12-cv-12403

v.

                                        Paul D. Borman
                                        United States District Judge

GAYLE LEACH, RAYMOND
BOOKER, and MARVA MYLES                 Mona K. Majzoub
                                        United States Magistrate Judge

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT (ECF NO. 53)

Now before the Court is Plaintiff Samuel Surles' "Motion to Alter/Amend the Judgment" requesting that the Court alter or amend its January 13, 2014 Order that granted Plaintiff's application to proceed without prepayment of fees or costs on appeal. (*See* ECF No. 52, Order granting Application). "A district Court may alter or amend a judgment under Civil Rule 59(e) to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or otherwise prevent manifest injustice." *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012).

In the present motion, Plaintiff requests that the Court amend or alter its January 13, 2014 Order that granted Plaintiff's Application to Proceed without Prepayment of Fees or Costs on Appeal. (ECF No. 52). Plaintiff argues that the Court "misunderstood his application and his inability to pay the full amount of $455.00 filing fee". (Mot. at 2). Plaintiff appears to argue that because of his indigent status he should not be made to pay the filing fee at all or that it is within the Court's discretion to order that funds be withdrawn from his trust account only when there is a

$50.00 minimum present in the account. Plaintiff does not cite any statutory basis or case law for this proposition.[1]

The January 13, 2014 Order that granted Plaintiff's Application to Proceed without Prepayment of Fees also specified that pursuant to 28 U.S.C. § 1915(a)(1) the Plaintiff was still required to pay the full filing fee and to that end, "[t]he Court must assess, and if funds exist, collect an initial partial filing fee consisting of twenty percent of the greater of (1) the average monthly deposits to Plaintiff's account, or (2) the average monthly balance in Plaintiff' account for the preceding six months." (ECF No. 52, at 1). The Order also provided that the partial filing fee assessed was $0.00 but that "the agency having custody of Plaintiff shall forward to the Clerk of the Court, on a monthly basis if funds are available, twenty percent of the preceding month's income credited to Plaintiff's account." (*Id*. at 2).

First, the Court notes that it did not misapprehend Plaintiff's Application to Proceed without Prepayment of Fees. Plaintiff acknowledged in his affidavit in support of that application the exact terms that the Court imposed in its January 13, 2014 Order. Indeed, the Plaintiff acknowledged under penalty of perjury that he:

> is liable for payment of the filing fee ($350.00 for an new case or $455.00 for an appeal, and I authorize the correctional facility in which I am currently housed to (1) provide information about my trust fund account to the federal court; and (2) withdraw from my trust fund account and forward to the federal court (a) an initial partial filing fee for this action (20% of the greater of my average monthly deposits or average monthly deposits or average monthly balance for the last 6 months) and (b) subsequent monthly payments (20% of my previous month's deposits), as

---

[1] Plaintiff also requests in the alternative that the Court "accept Plaintiff's Special Bond from his unlimited commercial liability using his exemption to cover the $455.00 court fees." (Mot. at 1). Plaintiff appears to rely upon Rule E of the Supplemental Rules of Admiralty for this proposition. (*See* ECF No. 54, "Special Bond"). The Court finds Plaintiff's argument is inapplicable to this action which does not implicate admiralty law.

2

ordered by federal court, until I have paid the full filing fee for this action.

(ECF No. 49). The above quoted language, as well as the language in the Court's January 13, 2014 Order, tracks the statutory language in 28 U.S.C. § 1915(b) that provides that while a prisoner may proceed without the prepayment of the filing fee, the prisoner "*shall be required* to pay the full amount of a filing fee". 28 U.S.C. § 1915(b)(1) (emphasis added). Therefore, it is clear not only that Plaintiff is required by statute to repay his filing fees in this action, Plaintiff explicitly acknowledged that fact in his affidavit in support of his Application.

To the extent Plaintiff argues that the Court has discretion regarding the collection of fees or when such collection occurs, such an argument is similarly without merit. The Court has no discretion regarding its collection of the partial payments as the statute provides that a court "shall assess" and collect, when funds exist, an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statute also states, in pertinent part,

> the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, the clear language of the statute provides that payments are forwarded from a prisoner's account when the amount in the account exceeds ten dollars. Accordingly, the Court has no discretion in determining the minimum amount that must be present in a prisoner's trust account before assessing a monthly payment; the minimum amount is set forth in 28 U.S.C. § 1915(b)(2).

Plaintiff has failed to show any reason to alter or amend the January 13, 2014 Order granting his Application to Proceed without Prepayment of Fees on appeal. Accordingly, the Court DENIES Plaintiff's "Motion to Alter/or Amend Judgment" (ECF No. 53).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 12, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 12, 2015.

s/Deborah Tofil
Case Manager